1  **LAW OFFICES OF JERRY L. STEERING**
2  Jerry L. Steering (SBN 122509)
3  Brenton Whitney Aitken Hands (SBN 308601)
   4063 Birch Street, Suite 100
4  Newport Beach, California 92660
5  (949) 474-1849
   (949) 474-1883 Fax
6  jerry@steeringlaw.com; jerrysteering@yahoo.com
7  brentonaitken@gmail.com
8  Attorneys for Plaintiffs Evan Nathaniel Davidson M.D. and Nora Marshall Davidson

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN NATHANIEL DAVIDSON M.D. and NORA MARSHALL DAVIDSON,<br><br>　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF LOS ANGELES and DOES 1 through 10, inclusive,<br><br>　　Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983) CLAIM FOR UNREASONABLE SEIZURE OF PERSON (U.S. CONST. AMEND 4); CLAIM FOR EXCESSIVE / UNREASONABLE USE OF FORCE UPON PERSON (U.S. CONST. AMEND 4); CLAIM FOR MUNICIPAL LIABILITY [MONELL LIABILITY][1] and CALIFORNIA STATE LAW CLAIMS FOR VIOLATION OF CAL. CIV. CODE § 52.1 [BANE ACT]; FALSE ARREST / FALSE IMPRISONMENT; ASSAULT; BATTERY; |

---

[1] For liability against defendant City of Los Angeles for plaintiff's claims under 42 U.S.C. § 1983.

COMPLAINT FOR DAMAGES
1

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (*Dillon v. Legg* Claim)

**COME NOW** plaintiffs Evan Nathaniel Davidson and Nora Marshall Davidson and show this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Los Angeles, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. As plaintiffs' claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiffs' federal questions claims, this court has jurisdiction over the plaintiffs' California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4. Plaintiffs timely filed their Claim for Damages against the City of Los Angeles on December 3, 2024, pursuant to the California Tort Claims Act, Cal. Gov't. Code § 900 et seq., and said claims were denied by defendant City of Los Angeles on January 9, 2025, less than six months prior to the filing of this instant action.

## GENERAL ALLEGATIONS

5. Plaintiff Evan Nathaniel Davidson M.D., hereinafter referred to as "Evan Davidson M.D." and/or "EVAN" and/or "plaintiff EVAN" and/or "plaintiff Evan Davidson" is a natural person, who, at all times complained of in this action,


resided in the County of Los Angeles, State of California.

6. Plaintiff Nora Marshall Davidson, hereinafter referred to as "plaintiff Nora Davidson" and/or "NORA" and/or "plaintiff Nora Davidson" is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles, State of California.

7. Defendant City of Los Angeles, hereinafter also referred to as "Los Angeles" and/or "CITY" and/or "defendant CITY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

8. Defendants DOES 1 through 6, inclusive, are California Certified Peace Officers and sworn police officers and/or Sergeants and/or Lieutenants and/or the Supervisors and/or investigators and/ Special Officers and/or dispatchers and/or some other public officer, public official or employee of defendant City of Los Angeles[2], who in some way committed some or all of the tortious actions and constitutional violations complained of in this action, and/or who are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who will amend their complaint to add and to show the actual names of said DOE defendants when so ascertained by plaintiffs.

9. At all times complained of herein DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as police officers and/or other type of sworn peace officers[3] and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers and/or public officers, employed by

---

[2] Or with some other public entity.
[3] And/or federal officers with state jurisdiction pursuant to some sort of federal – state task force or other state – federal agreement.

defendant City of Los Angeles[4], and were acting in the course of and within the scope of their employment with defendant City of Los Angeles[5].

  10. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the City of Los Angeles and/or with some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the City of Los Angeles and/or with some other public entity, and caused the constitutional violations complained of in this action by: 1) failing to property train its police officers that police officers may not order persons to exit their private residence in the absence of a warrant, or probable cause to believe that the residents of private residences committed a serious dangerous and/or violent felony, coupled with an emergency situation / exigent circumstances; 2) failing to train its police officers not to handcuff persons and to confine those handcuffed persons in patrol cars in the absence of probable cause to arrest them; 3) pointing guns and rifles at persons not suspected of any crime and/or suspected of nothing more than theft crimes, and 4) not to cinch down handcuffs on persons excessively tight, causing injuries without justification.

---

[4] Or with some other public entity.
[5] Or with some other public entity.

11. Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when so ascertained by plaintiffs.

12. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as Members of the Los Angeles Police Commission, the Chief of Police, the Chief's Assistant Chiefs and Deputy Chiefs, and well as other LAPD Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel and/or other policy making and/or final policy making officials, employed by the City of Los Angeles[6] and/or some other public official(s) with the City of Los Angeles[7] and were acting in the course of and within the scope of their employment with defendant City of Los Angeles[8].

13. Moreover, at all times complained of herein, defendants DOES 1 through 6, inclusive, were acting pursuant to the customs, policies, usages and practices of the Los Angeles Police Department / City of Los Angeles[9] for: 1) ordering persons to exit their private residence in the absence of a warrant, or probable cause to believe that the residents of private residences committed a serious dangerous and/or violent felony, coupled with an emergency situation / exigent circumstances; 2) handcuffing persons and confining those handcuffed persons in patrol cars in the absence of probable cause to arrest them; 3) pointing guns and rifles at persons not suspected of any crime and/or suspected of nothing more than theft crimes, and 4) cinching-down handcuffs on persons excessively tight, causing injuries without justification,

---

[6] Or with some other public entity
[7] Or with some other public entity
[8] Or with some other public entity.
[9] Or with some other public entity

COMPLAINT FOR DAMAGES

5

and were a proximate cause of the very same California state law, and federal and state constitutional violations complained of by the plaintiffs in this action.

14. In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive plaintiffs Evan Nora Davidson and Nora Davidson of their federal Constitutional and statutory rights, and their rights under California state law, as complained of below in this action, and acted in joint and concerted action to so deprive plaintiffs Evan Davidson and Nora Davidson of those rights as complained of herein; all in violation of 42 U.S.C. § 1983 and otherwise in violation of United States and California constitutional and statutory law.

15. Said conspiracy/agreement/understanding/plan/scheme/joint action / concerted action, above referenced, was a proximate cause of the violation of the plaintiffs Evan Davidson's and Nora Davidson's federal and state constitutional, statutory and common law rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(By Plaintiffs Evan Davidson, M.D. and Nora Davidson Against Defendants DOES 1 through 6, inclusive)**

16. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 15, inclusive, above, as if set forth in full herein.

17. On or about August 23, 2024 at approximately 2:30 a.m., plaintiffs Evan Davidson and Nora Davidson were asleep with their two-year-old daughter at their home at 2008 Santa Fe Avenue in the City of Torrance when they were awoken by a helicopter and its search light shining bright light into their windows.

18. Plaintiff Evan Davidson went to his upstairs balcony where he was unlawfully ordered out of his home by certain unidentified Los Angeles Police

Department police officers, defendants DOES 1 through 6, inclusive, with their guns pointed at him and shining their patrol car spotlights at/on him.

19. Plaintiff Evan Davidson went downstairs to his front porch and was told by said defendant DOE police officers to put his hands up in the air, with their guns pointed at him, to turn around and walk backwards towards the trash cans on his property, and when he complied he was immediately handcuffed by defendant(s) DOE 1 and/or DOE 2.

20. Moreover, said handcuffs were cinched down on plaintiff Evan Davidson excessively tight, causing plaintiff Evan Davidson to suffer excruciating pain and injuries to his wrists.

21. Plaintiff Evan Davidson was then placed into the back of a Los Angeles Police Department patrol car by said defendant DOE police officers.

22. During this time, plaintiff Nora Davidson went to her upstairs balcony and witnessed her husband, plaintiff Evan Davidson, having guns pointed at him, and being handcuffed and falsely arrested by said DOE defendants, without a warrant or any other legal justification.

23. Plaintiff Nora Davidson was then also unlawfully ordered to exit her home by defendants DOES 1 through 6, inclusive, at gunpoint.

24. When plaintiff Nora Davidson went downstairs, she also had guns pointed at her, and was then handcuffed by defendants DOE 3 and/or DOE 4.

25. Said handcuffs were cinched down excessively tight on plaintiff Nora Davidson, causing her to suffer excruciating pain and injuries to her wrists.

26. Plaintiff Evan Davidson witnessed his wife, plaintiff Nora Davidson, have guns pointed at her and witnessed her handcuffing and false arrest, without a warrant or any other legal justification.

27. Plaintiff Nora Davidson was then placed into the back of a Los Angeles Police Department patrol car by said police officers next to her husband Evan Davidson.

28. Plaintiffs Evan Davidson and Nora Davidson remained falsely arrested and confined in the backseat of a Los Angeles Police Department patrol car for approximately 45 minutes to an hour, having no idea of why they were being arrested.

29. While in the back of the patrol car, plaintiffs Evan Davidson and Nora Davidson suffered pain and suffering from the handcuffs being cinched down excessively tight on them, while being falsely arrested/confined in the back of a Los Angeles Police Department patrol car.

30. At some point while being falsely arrested and confined in the back of a patrol car, plaintiffs Evan Davidson and Nora Davidson were told by defendants Los Angeles Police Department police officer(s) DOE 5 and/or DOE 6, that there had been a carjacking in the Wilmington neighborhood of the City of Los Angeles (a neighborhood next to plaintiffs' residence in the City of Torrance) and that a cell phone had been left in that carjacked vehicle.

31. Plaintiffs Evan Davidson and Nora Davidson were told by said defendant DOE police officers that the police had tracked that cell phone to their house, and that they would not be released from custody until the police had located that cell phone and that vehicle.

32. Eventually, defendant police officers DOES 1 through 6, inclusive, had located that stolen vehicle and cell phone across the street from the plaintiffs' home, and they were then released from custody.

33. Throughout the entire course of the subject incident, none of the officers asked either of the plaintiffs for their name or for their identification.

34. During the course of the subject incident complained of above and below, defendants DOES 1 through 6, inclusive, had neither a warrant for plaintiffs' arrest nor probable cause to believe that either plaintiff Evan Davidson or Nora Davidson had committed any crime whatsoever, nor did any emergency situation exist.

35. Accordingly, said arrests of the plaintiffs Evan Davidson and Nora Davidson were done in violation of their right to be free from an unlawful/unreasonable seizure of their persons under the Fourth Amendment to the United States Constitution.

36. As a direct and proximate result of the actions of defendants DOES 1 through 6, inclusive's unlawful and unreasonable seizure of plaintiffs Evan Davidson and Nora Davidson[10] they were: 1) substantially physically, mentally and emotionally injured, 2) suffered great physical, mental and emotional injury, distress, pain and suffering, and 3) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $5,000,000.00 each.

37. The actions by said defendants DOES 1 through 6, inclusive, were committed maliciously, oppressively and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants, and each of them, save defendant CITY, in an amount to be proven at trial, in excess of $5,000,000.00 for each plaintiff against each such defendant.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights**
**Excessive/Unreasonable Use of Force on Person**
**(By Plaintiffs Evan Davidson, M.D. and Nora Davidson Against Defendants DOES 1 through 6, inclusive)**

38. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 37, inclusive, above, as if set forth in full herein.

39. As shown above, when plaintiffs Evan Davidson and Nora Davidson were unlawfully ordered out of their home and falsely arrested by defendants DOES 1 through 6, inclusive, on August 23, 2024, their handcuffs were cinched

---

[10] Including their injurious handcuffing.

down excessively tight, causing them excruciating pain, suffering and injuries to their wrists; and constituted a violation of plaintiffs' rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon their person.

40. Also as shown above, defendants DOES 1 through 6, inclusive, cinched down the handcuffs excessively tight, in an unreasonable showing of excessive force, causing pain and injuries to plaintiffs EVAN and NORA's wrists; and further constituted a violation of plaintiffs Evan Davidson's and Nora Davidson's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon their person.

41. Also as shown above, the actions of defendants DOES 1 through 6, inclusive, as complained above herein, constituted a violation of plaintiffs Evan Davidson's and Nora Davidson's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon their person.

42. As a direct and proximate result of the actions of defendants DOES 1 through 6, inclusive's unlawful and unreasonable seizure of plaintiffs Evan Davidson and Nora Davidson, especially the use of unreasonable/excessive force upon their person by way of said painful and in jurious handcuffing they were: 1) substantially physically, mentally and emotionally injured, 2) suffered great physical, mental and emotional injury, distress, pain and suffering, and 3) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $5,000,000.00 each.

43. The actions by said defendants DOES 1 through 6, inclusive, were committed maliciously, oppressively and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants, and each of them, save defendant CITY, in an amount to be

proven at trial, in excess of $5,000,000.00 for each plaintiff against each such defendant.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### MUNICIPAL LIABILITY – MONELL LIABILITY
### Failure to Properly Train
### [42 U.S.C. § 1983]
### (By Plaintiffs Evan Davidson M.D. and Nora Davidson Against Defendants City of Los Angeles and DOES 7 through 10, inclusive)

44. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 43, inclusive, above, as if set forth in full herein.

45. As shown above, when defendants DOES 1 through 6, inclusive, deprived plaintiffs Evan Davidson and Nora Davidson of their particular rights under the United States Constitution, they were acting under the color of state law.

46. The training policies of defendants CITY and DOES 7 through 10, inclusive, were not adequate to train their police officers and other sworn peace officer personnel to handle the usual and recurring situations with which they must deal with as sworn peace officers, to wit; 1) by failing to property train its police officers that police officers may not order persons to exit their private residence in the absence of a warrant, or probable cause to believe that the residents of private residences committed a serious dangerous and/or violent felony, coupled with an emergency situation / exigent circumstances; 2) by failing to train its police officers not to handcuff persons and to confine those handcuffed persons in patrol cars in the absence of probable cause to arrest them; 3) by failing to properly train its police officers not to point guns and rifles at persons not suspected of any crime and/or suspected of nothing more than theft crimes, and 4) by failing to properly train its police officers not to cinch down handcuffs on persons excessively tight, causing injuries without justification.

47. Defendants CITY and DOES 7 through 10, inclusive, were

COMPLAINT FOR DAMAGES
11

deliberately indifferent to the obvious consequences of their failure to train their police officers and other sworn peace officer personnel adequately; and

48. The failure of defendants CITY and DOES 7 through 10, inclusive, to provide adequate training caused the deprivation of plaintiffs' rights by the defendants CITY and DOES 7 through 10, inclusive; that is, the defendants' failure to train is so closely related to the deprivation of plaintiff's rights as to be the moving force that caused the ultimate injury; in this case the unlawful arrests of the plaintiffs and the use of unreasonable force upon them, as described above.

49. As a direct and proximate result of the actions of defendants DOES 1 through 6, inclusive's unlawful and unreasonable seizure of plaintiffs Evan Davidson and Nora Davidson[11] they were: 1) substantially physically, mentally and emotionally injured, 2) suffered great physical, mental and emotional injury, distress, pain and suffering, and 3) incurred other special and general damages and expenses, in an amount to be proven at trial, over $5,000,000.00 each.

## FOURTH CAUSE OF ACTION
### Violation of Cal. Civil Code § 52.1
### Under California State Law
**(By Plaintiffs Evan Davidson, M.D. and Nora Davidson Against Defendants CITY and DOES 1 through 6, inclusive)**

50. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 49, inclusive, above, as if set forth in full herein.

51. As shown above, defendants DOES 1 through 6, inclusive, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiffs of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code § 52.1.

---

[11] Including their injurious handcuffing.

52. Defendants DOES 1 through 6, inclusive, are liable to plaintiffs for said violations of their constitutional rights, pursuant to Cal. Civil Code § 52.1, and Cal. Gov't Code §§ 815.2(a) and 820.

53. As a direct and proximate result of the actions of said defendants' unlawful and unreasonable seizure[12] of plaintiffs Evan Davidson and Nora Davidson, above-described, plaintiffs were: 1) substantially physically, mentally and emotionally injured, 2) suffered great physical, mental and emotional injury, distress, pain and suffering; and 3) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $5,000,000.00 each.

54. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive/exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $5,000,000.00 each against each such defendant.

55. In addition, as a result of the actions of said defendants DOES 1 through 6, inclusive in violation of the plaintiff's rights under Cal. Civil Code § 52.1, the plaintiff is entitled to an award of treble compensatory damages against all defendants, and each of them in this action.

<div align="center">

**FIFTH CAUSE OF ACTION**
**False Arrest / False Imprisonment**
**Under California State Law**
**(By Plaintiffs Evan Davidson, M.D. and Nora Davidson Against Defendants CITY and DOES 1 through 6, inclusive)**

</div>

56. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 55, inclusive, above, as if set forth in full herein.

57. As complained of above, plaintiffs Evan Davidson and Nora Davidson were unlawfully seized and arrested by defendants DOES 1 through 6,

---

[12] Including the use of excessive force.

inclusive, on August 23, 2024.

58. Also as complained of above, said defendants DOES 1 through 6, inclusive, had neither a warrant nor probable cause to believe that plaintiffs Evan Davidson and Nora Davidson had committed a crime, nor reasonable suspicion of criminality afoot about the plaintiffs.

59. Plaintiffs Evan Davidson and Nora Davidson were actually harmed by said conduct of defendants DOES 1 through 6, inclusive.

60. The conduct of defendants DOES 1 through 6, inclusive, was substantial factor in causing the plaintiffs harm.

61. Defendants DOES 1 through 6, inclusive, are liable to plaintiffs for their false arrests/false imprisonments pursuant to Cal. Gov't Code §§ 815.2(a), 820 and 820.4.

62. As a direct and proximate result of the actions of said defendants DOES 1 through 6, inclusive's, unlawful and unreasonable seizure of plaintiffs Evan Davidson and Nora Davidson, above-described, plaintiffs were: 1) substantially physically, mentally and emotionally injured, 2) suffered great physical, mental and emotional injury, distress, pain and suffering; and 3) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $5,000,000.00 each.

63. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive/exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $5,000,000.00 for each plaintiff against each such defendant.

## SIXTH CAUSE OF ACTION
### Battery
### Under California State Law
**(By Plaintiffs Evan Davidson, M.D. and Nora Davidson Against Defendants CITY and DOES 1 through 6, inclusive)**

64. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 63, inclusive, above, as if set forth in full herein.

65. The actions committed by defendants DOES 1 through 6, inclusive, above-described, constituted unjustified non-consensual and offensive touching of the plaintiffs and the use of unlawful force and violence upon plaintiffs Evan Davidson and Nora Davidson, and constituted a battery of them by said defendants under California state law.

66. Defendants CITY and DOES 1 through 6, inclusive, and each of them, are liable to plaintiffs Evan Davidson and Nora Davidson for said batteries of them, pursuant to Cal. Gov't Code §§ 815.2(a) and 820 and otherwise pursuant to the common law.

67. As a direct and proximate result of the actions of said defendants DOES 1 through 6, inclusive's, unlawful and unreasonable seizure of plaintiffs Evan Davidson and Nora Davidson, above-described, plaintiffs were: 1) substantially physically, mentally and emotionally injured, 2) suffered great physical, mental and emotional injury, distress, pain and suffering; and 3) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $5,000,000.00 each.

68. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive/exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $5,000,000.00 for each plaintiff against each such defendant.

### SEVENTH CAUSE OF ACTION
**Assault**
**Under California State Law**
**(By Plaintiffs Evan Davidson, M.D. and Nora Davidson Against Defendants CITY and DOES 1 through 6, inclusive)**

69. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 68, inclusive, above, as if set forth in full herein.

70. The actions committed by defendants DOES 1 through 6, inclusive, above-described, constituted an assault of plaintiffs Evan Davidson and Nora Davidson under California state law, as said plaintiffs were unlawfully placed in reasonable fear of receiving an imminent violent injury by said defendants as described above.

71. Defendants CITY and DOES 1 through 6, inclusive, and each of them, are liable to under California state law for said assaults of plaintiffs Evan Davidson and Nora Davidson pursuant to Cal. Gov't Code §§ 815.2(a) and 820 and otherwise pursuant to the common law.

72. As a direct and proximate result of the actions of defendants DOES 1 through 6, inclusive, against plaintiffs Evan Davidson and Nora Davidson, above-described, plaintiffs were: 1) substantially physically, mentally and emotionally injured, 2) suffered great physical, mental and emotional injury, distress, pain and suffering; and 3) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $5,000,000.00 each.

73. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive/exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $5,000,000.00 for each plaintiff against each defendant.

**EIGHTH CAUSE OF ACTION**
**Intentional Infliction Of Emotional Distress**
**Under California State Law**
**(By Plaintiffs Evan Davidson, M.D. and Nora Davidson Against Defendants CITY and DOES 1 through 6, inclusive)**

74. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 73, inclusive, above, as if set forth in full herein.

75. Defendants DOES 1 through 6, inclusive, and each of them, knew and/or should have known that plaintiffs Evan Davidson and Nora Davidson were susceptible to suffering severe emotional distress from the actions taken and committed by defendants DOES 1 through 6, inclusive, against plaintiffs as complained of above and herein.

76. Moreover, the conduct of defendants DOES 1 through 6, inclusive, for all of their actions complained of herein, were outrageous and not the type of conduct condoned in a civilized society.

77. Defendants CITY and DOES 1 through 6, inclusive, and each of them, are liable to plaintiffs under California state law for said intentional infliction of emotional distress inflicted upon plaintiffs pursuant to Cal. Gov't Code §§ 815.2(a) and 820 and otherwise pursuant to the common law.

78. As a direct and proximate result of the actions of said defendants' against plaintiffs Evan Davidson and Nora Davidson, above-described, plaintiffs were: 1) substantially physically, mentally and emotionally injured, 2) suffered great physical, mental and emotional injury, distress, pain and suffering; and 3) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $5,000,000.00 each.

79. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive/exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $5,000,000.00 for each plaintiff against each defendant.

### NINTH CAUSE OF ACTION
**Negligent Infliction Of Emotional Distress (*Dillon v. Legg* Claim)
Under California State Law
(By Plaintiffs Evan Davidson, M.D. and Nora Davidson Against Defendants CITY and DOES 1 through 6, inclusive)**

80. Plaintiffs hereby reallege and incorporate by reference the allegations

set forth in paragraphs 1 through 79, inclusive, above, as if set forth in full herein.

81. As shown above, plaintiffs Evan Davidson and Nora Davidson each had a sensory awareness of their husband and their wife having guns pointed at them, being handcuffed and falsely arrested.

82. Said plaintiffs specifically saw each plaintiff being subjected to their false arrest and to the use of unreasonable force upon them by defendants DOES 1 through 6, inclusive, and suffered severe emotional distress therefrom.

83. As shown above, as a result of the plaintiff Evan Davidson and Nora Davidson being aware of the mistreatment of their respective spouse by defendants DOES 1 through 6, inclusive, above-referenced, said plaintiffs, and each of them, suffered severe emotional distress therefrom.

84. Plaintiffs witnessed their spouse being arrested by defendants DOES 1 through 6, inclusive, as shown above, during the August 23, 2024 incident complained of above and below, being subjected to unreasonable force by defendants DOES 1 through 6, inclusive, and suffered severe emotional distress therefrom.

85. Defendants CITY and DOES 1 through 6, inclusive, and each of them, are liable to plaintiffs under California state law for said intentional infliction of emotional distress pursuant to Cal. Gov't Code §§ 815.2(a) and 820 and otherwise pursuant to the common law.

86. As a direct and proximate result of the actions of said defendants' against plaintiffs Evan Davidson and Nora Davidson, above-described, plaintiffs were: 1) substantially physically, mentally and emotionally injured, 2) suffered great physical, mental and emotional injury, distress, pain and suffering; and 3) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $5,000,000.00 each.

87. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of

punitive/exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $5,000,000.00 for each plaintiff against each such defendant.

**WHEREFORE**, plaintiffs pray for judgment as follows:

a)  For a judgment against all defendants for compensatory damages in an amount in excess of $5,000,000.00 for each plaintiff;

b)  For a judgment against all defendants, save defendant CITY, for punitive/exemplary damages in an amount in excess of $5,000,000.00 for each plaintiff against each such defendant;

c)  For treble compensatory damages;

d)  For an award of reasonable attorney's fees and costs;

e)  For a trial by jury; and

f)  For such other and further relief as this Honorable Court deems just and equitable.

_____
JERRY L. STEERING, ATTORNEY for
PLAINTIFFS EVAN DAVIDSON, M.D. and NORA DAVIDSON